United States District Court
Southern District of Texas

**ENTERED**

July 24, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VILLANUEVA APARTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1822 |
| | § | |
| COURTNEY VASQUEZ, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM AND RECOMMENDATION</u>**

Pending before the court[1] is Plaintiff's Motion to Remand (Doc. 6).  The court has considered the motion, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED.**

On May 11, 2017, Plaintiff Villanueva Apartments, ("Plaintiff"), brought suit against Defendant Courtney Vasquez ("Defendant"), in the Justice Court of Harris County, Texas, in order to evict Defendant from her apartment.[2]  On June 14, 2017, Defendant removed the action to federal court.[3]  In the notice of removal, Defendant argued that Plaintiff "intentionally fail[ed] to allege compliance with the [Fair Housing Act]" in its state court eviction action and that, under the Fair Housing Act, Defendant is

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 5. Ord. Dated June 15, 2017.

[2]     See Doc. 2, Ex. 4 to Def.'s Letter, Citation of Eviction p. 1; Doc. 2, Ex. 5 to Def.'s Letter, Pet. for Eviction from Residential Premises p. 1.

[3]     See Doc. 1, Def.'s Not. of Removal.

a member of a protected class.[4]  The court received a letter from
Defendant on June 14, 2017, which included the following documents:
Citation of Eviction, Petition for Eviction from Residential
Premises, and Notice of Lease Violation.[5]  On June 22, 2017,
Plaintiff filed a motion to remand.[6]

Jurisdiction for removing an action originally brought in
state court to federal court is authorized by 28 U.S.C. § 1441,
which permits a defendant to remove a civil case "of which the
district courts of the United States have original jurisdiction."
28 U.S.C. § 1441(a).  The burden to show that federal jurisdiction
exists is on the party seeking removal.  See Willy v. Coastal
Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  Removal jurisdiction
is to be strictly construed, and thus there is a presumption
against federal jurisdiction.  Id.

In this case, removal has been predicated on 28 U.S.C. § 1331,
which states that: "The district courts shall have original
jurisdiction of all civil actions arising under the Constitution,
laws, or treaties of the United States."  28 U.S.C. § 1331.  To
arise under federal law, the plaintiff's complaint must require the
determination of a substantial question of federal law to determine

---

[4]     See id. p. 2.

[5]     See Doc. 2, Def.'s Letter.  The court notes that it appears that
Defendant failed to include all of the relevant state court documents with her
notice of removal, but the court has the pertinent documents to determine the
motion to remand.

[6]     See Doc. 6, Mot. to Remand.

the outcome of the case; if this requirement is met, then federal jurisdiction is appropriate.  See Willy, 855 F.2d at 1168 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)).

A plaintiff is generally the "master of the complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987).  A plaintiff is usually granted the right to choose what claims it will litigate and the forum in which it will litigate them.  Id. at 392.  Typically, a plaintiff may avoid federal court by relying solely on state law causes of action.  See id.

A defendant may defeat a plaintiff's choice of forum under some circumstances, however.  See, e.g., MSOF Corp. v. Exxon Corp, 295 F.3d 485, 490 (5th Cir. 2002); Stump v. Potts, 322 F. App'x 379, 380 (5th Cir. 2009)(unpublished).  First, removal must be predicated on the well-pleaded complaint rule.  See MSOF Corp., 295 F.3d at 490.  This rule requires the basis for removal to be clear on the face of the plaintiff's complaint.  See id. (quoting Caterpillar, 482 U.S. at 392).  The basis must be found in the plaintiff's affirmative allegations; it may not arise as a defense that the defendant may seek to raise.  See id.  Therefore, a defendant seeking removal must prove that the plaintiff's complaint provides federal jurisdiction.  See id.

In its motion to remand, Plaintiff contends that the court does not have jurisdiction and that Defendant cannot create federal

3

question jurisdiction merely by invoking the Fair Housing Act in
her notice of removal.  Because federal courts are "duty-bound to
examine the basis of subject matter jurisdiction sua sponte," the
court will examine whether it has jurisdiction over this action.
<u>Lane v. Halliburton</u>, 529 F.3d 548, 565 (5th Cir. 2008)(quoting <u>Union
Planters Bank Nat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir.
2004)).

Here, Plaintiff brought a suit to evict under state law.  <u>See</u>
Tex. Prop. Code § 24.0051.  The eviction petition filed in state
court did not raise any federal issue.  In <u>Stump</u>, the Fifth Circuit
found that a state eviction suit that was removed to federal court
lacked jurisdiction, and that the defendant had not asserted a
federal question by arguing that her landlord violated the Fair
Housing Act and the Americans with Disabilities Act.  322 F. App'x
at 380.  In this case, the fact that Defendant raised a federal
question in her notice of removal does not establish jurisdiction.
Therefore, the court **RECOMMENDS** that Plaintiff's motion to remand
be **GRANTED.**

The  Clerk  shall  send  copies  of  this  Memorandum  and
Recommendation to the respective parties who have fourteen days
from  the  receipt  thereof  to  file  written  objections  thereto
pursuant to Federal Rule of Civil Procedure 72(b) and General Order
2002-13.  Failure to file written objections within the time period
mentioned shall bar an aggrieved party from attacking the factual

4

findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 24th day of July, 2017.

U.S. MAGISTRATE JUDGE